IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JACOB EDWARD STERLING, | ) | |
| Petitioner, | ) | Civil Action No. 12-86 Erie |
| | ) | |
| v. | ) | District Judge Sean J. McLaughlin |
| | ) | Magistrate Judge Susan Paradise Baxter |
| JAMES J. McGRADY, SR., et al., | ) | |
| Respondents. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

Petitioner, Jacob Edward Sterling, is a state prisoner who has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. [ECF No. 1]. Pending before the Court is Respondents' motion to dismiss. [ECF No. 11]. It is recommended that their motion be granted, that the petition be dismissed, and that a certificate of appealability be denied.

**II.    REPORT**

**A.    Discussion**

On or around February 16, 2012, Sterling filed in the United States District Court for the Eastern District of Pennsylvania the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. [ECF No. 1]. He used the Eastern District Court's standard § 2254 form, but he did not answer most of the questions contained therein, and he did not submit all of the relevant pages for filing. All that can be gleaned from the petition is that Sterling pleaded guilty in the Erie County Court of Common Pleas on December 15, 2008, to robbery and conspiracy. He was sentenced to a term of imprisonment of one year and eight months to five years. He filed what he incorrectly refers to as "an appeal" in the Court of Common Pleas in which he claimed: "violation of Fifth, Sixth and Eighth Amendments, Self-

1

Incrimination, jury trial for crimes, cruel and unusual punishment." That appeal was denied on February 2, 2012. [ECF No. 1 at 4-5].

Sterling does not list any claim for habeas relief in his petition.

Because Sterling is challenging a judgment of sentence imposed by the Erie County Court of Common Pleas, the Eastern District Court transferred this case to this Court, since Erie County is within the territorial boundaries of the Western District. Respondents then filed a motion to dismiss [ECF No. 11], in which they assert that this case must be dismissed because Sterling has failed to state any claim for relief. Sterling had until July 25, 2012, to file a response to the motion to dismiss, in which he could have explained his failure to set forth any federal habeas claim. He did not file a response to the motion and, therefore, the petition must be dismissed for failure to state a claim for relief.

Additionally, even if this Court were to assume that Sterling is attempting to litigate here the claims he identified as having raised in his state court "appeal," the petition would still be subject to dismissal because he has not explained those claims at all. The Supreme Court held, in Mayle v. Felix, 545 U.S. 644, 649 (2005), that specificity is required in a habeas petition:

> In ordinary civil proceedings, the governing Rule, Rule 8 of the Federal Rules of Civil Procedure, requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2). Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a more detailed statement. The habeas rule instructs the petitioner to "specify all the grounds for relief available to [him]" and to "state the facts supporting each ground."

Quoting the Advisory Committee's Note on Rule 4 of the Rules Governing Section 2254 Cases, the Supreme Court observed: "Notice pleading is not sufficient, for the petition is expected to *state facts that point to a real possibility of constitutional error*." Id. at 656 (emphasis added). Merely asserting legal conclusions does not fulfill the requirements of Rule 2(c) of the Rules Governing Section 2254 Cases.

2

### B. Certificate of Appealability

A certificate of appealability should not be issued unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). See also Slack v. McDaniel, 529 U.S. 473, 484 (2000). Sterling has failed to allege the denial of a constitutional right, much less show such a denial. Accordingly, it is recommended that no certificate of appealability should issue.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Respondents' motion to dismiss [ECF No. 11] be granted, that the petition for a writ of habeas corpus be dismissed, and that a certificate of appealability be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: August 22, 2012

cc: The Honorable Sean J. McLaughlin
United States District Judge